IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. A-09-CR-087(03)- SS |
| | § | |
| EDWIN MEJIA | § | |

**SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWIN MEJIA, Defendant in the above entitled and numbered cause, and respectfully submits this sentencing memorandum and would show the Court as follows:

I.

Mr. Mejia has been incarcerated since being arrested on February 11, 2009.

II.

Mr. Mejia has no prior significant criminal history before this offense, and no prior history of drug offenses. All of Mr. Mejia's prior contacts with law enforcement authorities were related to driving offenses, and he has only one conviction for something more than tickets, for which he successfully completed one year of probation.

III.

Mr. Mejia recognizes that he made a huge mistake by being involved in this offense, but his involvement in this offense is not as extensive as his co-defendants. Mr. Mejia was involved merely as a go-between and a translator in this offense, and his

primary motivation was to recover $800.00 that he had loaned to one of his co-defendants.  The $800 was a substantial amount of money to Mr. Mejia.  He loaned the money because of the sad story he was told.  Mr. James told Mr. Mejia he was losing his house and was worried about his children.  Mr. Mejia needed his money back.  Mr. James approached him and told him he could repay him if Mr. Mejia could find a source of drugs.  Unfortunately, Mr. Mejia was able to do so.   The controlled substance was not Mr. Mejia's.  Neither was the cash recovered in this case.  The negotiations were controlled by the co-defendants in this case.  Mr. Mejia's function was to interpret.

IV.

Mr. Mejia had worked for the past ten years at Wal-Mart, prior to being arrested for this offense, and was making $15.49 an hour.  In addition, Mr. Mejia has worked part time at a variety of locations throughout the duration of the time he has lived in Austin.  This arrest is a singular instance of extremely poor judgment on Mr. Mejia's part, which should be taken into account by the court.

V.

A guideline sentence would be unreasonable considering the §3553 factors, and Mr. Mejia requests that the court consider in its sentencing.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court consider this Sentencing Memo.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar Card No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Sharon Pierce, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR